UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CARLOS EDUARDO VELIZ CANTE, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| DAVID WESLING, Field Office Director of | * | Civil Action No. 1:26-cv-12123-IT |
| Enforcement and Removal Operations, | * | |
| Boston Field Office, Immigration and | * | |
| Customs Enforcement, et al., | * | |
| | * | |
| Respondents. | * | |
| | * | |

MEMORANDUM & ORDER

June 3, 2026

TALWANI, D.J.

Petitioner Carlos Eduardo Veliz Cante, a citizen of Guatemala, entered the United States on or about March 18, 2008. Pet. ¶¶ 8, 28 [Doc. No. 1]. On December 10, 2018, Petitioner's spouse filed a "Form I-130, Petition for Alien Relative," on Petitioner's behalf, which was later approved on March 18, 2019. Id. ¶ 9. Petitioner subsequently filed a "Form I-601A, Provisional Unlawful Presence Waiver," on May 3, 2021, and received approval on July 8, 2024. Id. ¶ 10.

In light of the approvals of his Form I-130 and Form I-601A, Petitioner "began submitting the required documentation to the National Visa Center and preparing to leave to Guatemala to obtain his residency." Id. ¶ 11.

On October 28, 2024, while that process was ongoing, Petitioner was charged in Rhode Island with "[d]riving [u]nder the [i]nfluence ['DUI'], .15 or greater, [first] offense" and reckless driving. Id. ¶¶ 11-12. Several months later, on March 19, 2025, the charge of reckless driving was dismissed, and Petitioner pleaded nolo contendere to the DUI charge. Id. ¶ 12. Petitioner

1

received a sentence of one year of probation, "court costs, DWI school, [and] an Ignition Interlock System requirement for six months." Id.

On April 15, 2026, Petitioner was charged with "[DUI], [second] offense." Id. ¶ 13.[1] Respondents initiated removal proceedings against Petitioner on May 6, 2026, and detained him. Id. ¶ 14. Petitioner is presently held at the Plymouth County House of Corrections in Plymouth, Massachusetts. Id. ¶ 21.

Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1] on May 9, 2026, seeking immediate release or, in the alternative, "a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days." Id. at ECF 8–9. As grounds, Petitioner asserts that he is "entitled to consideration for release on bond under 8 U.S.C. § 1226(a)" as a member "of the Bond Denial Class certified in Guerrero Orellana v. Moniz, [813 F. Supp. 3d 185 (D. Mass. 2025)] and . . . Bautista v. Santacruz, [813 F. Supp. 3d 1084 (C.D. Cal. 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025)]." Id. ¶ 1.

In their response, Respondents "submit that the legal issues presented in this Petitioner are similar to those addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)]." Resp. 1 [Doc. No. 6]. Respondents therefore acknowledge that "[s]hould the Court follow its reasoning in Doe, it would reach the same result here." Id.

After Respondents filed their Response [Doc. No. 6], Petitioner notified the court that, on May 18, 2026, an Immigration Judge held a bond hearing for Petitioner. See Pet.'s Notice of the

---

[1] The charge remained pending as of the filing of the Petition [Doc. No. 1]. A pretrial conference in this matter was scheduled for May 14, 2026.

Immigration Judge's Denial of Bond 1 [Doc. No. 8]. Citing to <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (B.I.A. 2025), the Immigration Judge held that "the Immigration Court lacks jurisdiction over the custody redetermination hearing" and denied bond on that basis. Pet.'s Notice of the Immigration Judge's Denial of Bond Ex. 1, at ECF 1 [Doc. No. 8-1]. Respondents have not filed anything further.

Where the court finds that the reasoning in <u>Doe</u> remains correct, and consistent with the relevant rulings in <u>Maldonado Bautista</u> and <u>Guerrero Orellana</u>, the <u>Petition</u> [Doc. No. 1] is GRANTED as follows:

No later than June 10, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and <u>Hernandez-Lara v. Lyons</u>, 10 F.4th 19 (1st Cir. 2021). If the immigration judge continues to decline to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention, specifically identifying the basis for any assertion that Petitioner's release would pose a danger or flight risk.

Respondents shall submit a status report on this matter no later than June 17, 2026, stating (1) whether Petitioner received a bond hearing and, if so, when; (2) whether Petitioner was granted bond; and (3) whether Petitioner remains in custody.

IT IS SO ORDERED.

June 3, 2026                                          /s/ Indira Talwani
                                                     United States District Judge

3